UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*filed electronically*

UNITED STATES OF AMERICA

v.

PHILIP E. MICHAEL, II                                No. 3:16-cr-101-CRS
MEDS 2 GO EXPRESS PHARMACY, INC.
MARK REINHARD
EUTON LAING
JOETTA KUHN

    Defendants.

**PHILIP MICHAEL, II'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNT 8 OF THE SUPERSEDING INDICTMENT**

Defendant Philip Michael II brings this motion to dismiss Count 8 of the Superseding Indictment, which charges identify theft.  The government's allegation is that Mr. Michael filled a prescription for Lovaza, a non-controlled prescription drug used to treat patients with high triglycerides.  The drug was billed to P.R., a Humana customer, in the amount of $199.57.  According to the government, the drug was dispensed to another customer rather than to P.R.  The charge to Humana was reversed three days later, and neither Humana nor P.R. suffered any loss.

Mr. Michael disputes the allegations, but taking them as true for the purposes of this motion, the government has not alleged a federal offense because Mr. Michael did not "use" a false identity, within the meaning of 18 U.S.C. § 1028A.  The Court should dismiss Count 8.

Background

Philip Michael is a pharmacist from Charleston, West Virginia. He is one of the owners of Med 2 Go, Express, Inc., a retail pharmacy in Alum Creek, West Virginia, as well as the Mt. Morris Pharmacy in Mt. Morris, Pennsylvania. (R. 25, Superseding Indictment, ¶¶ 5-6). Mr. Michael has an active license as a pharmacist in West Virginia, and he also held a mail order license from the West Virginia Board of Pharmacy during the period alleged in the Superseding Indictment. Mr. Michael has never been accused of any ethical, licensing, or criminal violations until the government sought an Indictment in this case.

The original Indictment, returned on August 17, 2016, charged six defendants, including Meds 2 Go Inc. ("Meds 2 Go"), and Meds 2 Go Express, Inc. ("Express") [R. 1]. After the defendants pointed out that Meds 2 Go dissolved four years ago and could no longer be charged, and that Express was not in existence at the time of the conduct charged, the government brought a Superseding Indictment correcting those errors. [R. 25]. Other errors remain, however.

Mr. Michael has already moved to dismiss Count 1, because the defendants did not dispense any drugs that were controlled substances. [R. 50]. He also moved to dismiss Count 4, mail fraud conspiracy, and Count 5, wire fraud conspiracy, because those counts do not charge that Mr. Michael or any other conspirator made any false statement or omission, or that he engaged in any scheme to deprive any victim of money or property. He moved to dismiss Count 9, money laundering conspiracy, because it rests on Counts 4 and 5 as specified unlawful acts, and that count cannot remain if the underlying fraud charges are dismissed. [R. 38]. The briefing on those motion has not been completed.

The Superseding Indictment does not provide much detail about Count 8, or the underlying Count 7. For Count 7, it states:

> On or about and between September 17, 2013, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **PHILIP MICHAEL,** knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, to wit: **PHILIP MICHAEL** fraudulently submitted a claim for payment to Humana Insurance Company for dispensing medication to P.R. which was never dispensed.
>
> In violation of Title 18, United States Code, Section 1347.

(Superseding Indictment, ¶59). For Count 8, it states:

> On or about September 17, 2013, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the Defendant herein, **PHILIP MICHAEL,** did knowingly possess, transfer and use the means of identification of another person, without lawful authority, during and in relation to the offense charged in Count 7, to wit **PHILIP MICHAEL** used the name, date of birth and other identifying information for P.R. and the name and NPI #of A.S., a physician, to submit a fraudulent claim for payment.
>
> In violation of Title 18, United States Code, Sections 1 028A(a)(1) and (c)(11).

(Superseding Indictment, ¶60). The government's Rule 16 discovery includes a spreadsheet which contains other details about the government's allegation, including the drug in question, Lovaza, the amount of the charge, $199.57, and the fact that the charge was reversed three days later. (*See* Spreadsheet, attached as Ex. A).

Argument

I.     THE COURT SHOULD DISMISS THE A CHARGE WHEN THE FACTS SET OUT IN THE INDICTMENT DO NOT SUFFICIENTLY ALLEGE A VIOLATION OF FEDERAL LAW.

Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. *United States v. Craft,* 105 F.3d

1123, 1126 (6th Cir. 1997). In resolving the motion, the Court should assume that the pertinent allegations of the Indictment are true. *See Serfass v. United States,* 420 U.S. 377, 391-92 (1975). The Court may also consider other operative facts where they are undisputed. *United States v. Hall*, 20 F.3d 1084, 1086 (10th Cir. 1994). Although a trial court may make preliminary findings of fact necessary to decide questions of law, the trial court may not do so if the conclusions would invade the province of the ultimate fact finder. *Craft,* 105 F.3d at 1126.

Federal Rule of Criminal Procedure 7(c)(1) provides that "[t]he indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling,* 418 U.S. at 117; *United States v. Landham,* 251 F.3d 1072, 1079 (6th Cir. 2001). An indictment may allege the charges using the words of the statute itself, but the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Hamling,* 418 U.S. at 117–18 (quoting *United States v. Hess,* 124 U.S. 483, 487 (1888)); *Landam,* 251 F.3d at 1079.

It is also well-settled that an indictment must contain facts, not just legal conclusions: "A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." *United States v. Cruikshank,* 92 U.S. 542, 558 (1875). The allegations in the indictment, alone, must permit the court to determine whether "the acts charged will—if proved—support a conviction for the offense alleged." *Id.* at 559. Stated another way, "[t]o be legally sufficient, the indictment must assert facts which in law constitute an

4

offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.,* 982 F.2d 173, 177 (6th Cir. 1992); *see also Landham,* 251 F.3d at 1079; *United States v. Maney,* 226 F.3d 660, 663 (6th Cir. 2000). A legally deficient indictment requires dismissal. *Landham*, 251 F.3d at 1080.

B. THE COURT SHOULD DISMISS COUNT 8 BECAUSE IT DOES NOT ALLEGE MR. MICHEAL STOLE ANYONE'S IDENTITY.

Section 1028A of Title 18, entitled "Aggravated Identity Theft," provides that "[w]hoever, during and in relation to" a violation of the health-care fraud or certain other statutes "knowingly transfers, possesses or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be" imprisoned for two years in addition to his imprisonment for fraud. 18 U.S.C. § 1028A(a)(1). A "means of identification" is includes "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual." 18 U.S.C. § 1028(d)(7).

The government here has alleged Mr. Michael violated the "uses" portion of the statute. That word is undefined in the statute, so it must be construed in accordance with its ordinary meaning. *United States v. Miller*, 734 F.3d 530, 540–41 (6th Cir. 2013). To determine the meaning of the word in the context of this statute, the Court should "consider not only the bare meaning of the word but also its placement and purpose in the statutory scheme. [T]he meaning of statutory language, plain or not, depends on context." *Id., quoting Bailey v. United States,* 516 U.S. 137, 145 (1995) (internal quotation marks and citation omitted).

The Sixth Circuit has twice rejected attempts by the government to extend "uses" to situations like this one, in which the defendant did not attempt to pretend to be someone he was not. In *United States v. Miller,* 734 F.3d at 541, the Court of Appeals held that "uses" is ambiguous

5

in the statute. Finding no help in the legislative history, it applied the rule of lenity. *Id.* at 542. Accordingly, it held that the statute did not apply when a defendant had falsely stated that he had the authority of two other individuals to apply for a loan on their behalf, but did not falsely assume their identify. *Id.*

The Court of Appeals reversed in *United States v. Medlock*, 792 F.3d 700, 706 (6th Cir.), *cert. denied*, 136 S. Ct. 601, 193 L. Ed. 2d 480 (2015), for similar reasons. In that case, the defendants misrepresented that patients had requested and they had provided "stretcher-required" ambulance rides. *Id.* at 704. They had, nevertheless, submitted forms for reimbursement containing the patients' names and social security numbers. The Court of Appeals held that misrepresenting the services provided to the identified patients did not constitute "use" under the identity theft statute. *Id.* at 705.

This case falls squarely in the zone of actions that *Miller* and *Medlock* have held do not constitute "uses" under the identify theft statute. As in *Miller,* the government alleges that P.R., the patient, and A.S., the physician, did not authorize Mr. Michael to bill for services. As in *Medlock,* the government alleges Mr. Michael billed for services he did not provide, or which were not authorized for payment. As in both cases, he did not assume the identity of anyone – the government alleges he filed a claim under his own name as the dispensing pharmacist.

Under some circumstances, such actions might constitute health care fraud. They do not violate the identify theft statute, however, because Mr. Michael did not steal anyone's identify. In this context, "uses" means "to convert to one's own." *See Miller*, 734 F.3d at 540. The statute does not apply here, and Count 8 should be dismissed.

Conclusion

For the reasons set forth above, the Court should dismiss Count 8 of the Superseding Indictment.

Respectfully submitted,

*/s/ Kent Wicker*
Kent Wicker
Nicole Elver
DRESSMAN BENZINGER LAVELLE PSC
321 West Main Street, Suite 2100
Louisville, Kentucky 40202
(502) 572-2500

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed with the Clerk of the United States District Court for the Western District of Kentucky and served upon counsel of record by using the CM/ECF System on this 28th day of October, 2016.

*/s/ Kent Wicker*
Kent Wicker
