UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:16CR-101-CRS

PHILIP E. MICHAEL, II
MEDS 2 GO EXPRESS PHARMACY, INC.
MARK REINHARD                                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Philip E. Michael, II ("Michael") and Meds 2 Go Express Pharmacy, Inc. ("Meds 2 Go"), to dismiss Counts 6, 7 and 8 and the motion of defendant Mark Reinhard to dismiss Count 6 of the Second Superseding Indictment ("SSI") for lack of venue.[1,2]

The SSI charges Michael, Meds 2 Go, and Mark Reinhard,[3] in Count 6 with unlicensed wholesale distribution of prescription drugs.

An indictment must provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c). The purpose of an indictment is "to inform the defendant of the nature of the accusation against him." *Russell*, 369

---

[1] The United States has indicated that it intends to proceed under the Second Superseding Indictment. This court will therefore address whether the charges therein are able to withstand the challenges raised in the present motion.
[2] In light of our ruling that Count 8 of the SSI must be dismissed, this decision need not address venue with respect to that count. However, we note that the same venue analysis as to Count 7 (Health Care Fraud) would apply to Count 8 (Aggravated Identity Theft).
[3] Euton Laing is an alleged "Issuing Doctor" for RX Limited, a company which purportedly sold prescription drugs over the internet and employed "fulfillment pharmacies" such as Meds 2 Go which allegedly dispensed the drugs without valid prescriptions.

U.S. at 767 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)). "The Federal Rules of Criminal Procedure, 18 U.S.C.A., were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure. Rule 2, F.R.Crim.Proc." *United States v. Debrow*, 346 U.S. 374, 376 (1953). As explained by the Supreme Court as early as 1895, an indictment need not be a literary work of art:

> T]he true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Evans v. U. S., 153 U. S. 584, 587, 588, 14 Sup. Ct. 934; Batchelor v. U. S., 156 U. S. 426, 15 Sup. Ct. 446.

*Cochran v. United States*, 157 U.S. 286, 290, 15 S. Ct. 628, 630, 39 L. Ed. 704 (1895). The indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications. *United States v. Reed,* 77 F.3d 139, 140 n. 1 (6th Cir.1996) (en banc). An indictment is to be construed liberally in favor of its sufficiency. *United States v. Davis,* 306 F.3d 398, 411 (6th Cir.2002).

When venue over a criminal charge is challenged, "the government must prove by a preponderance of the evidence that venue is proper as to each individual count. *United States v. Pace,* 314 F.3d 344, 349 (9th Cir.2002); *United States v. Robinson,* 275 F.3d 371, 378 (4th Cir.2001)." *United States v. Salinas*, 373 F.3d 161, 163 (1st Cir. 2004). A defendant has the right to be tried in a proper venue, and "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed.R.Crim.P. 18. Rule 18 comports with the mandate of the United States Constitution, Article III and the Sixth Amendment which provide:

> The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and

> such Trial shall be held in the State where said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

Article III, Sec. 2, ¶ 3.

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law…

Amendment VI. "'[W]here a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done.' *United States v. Lombardo*, 241 U.S. 73, 77, 36 S.Ct. 508, 60 L.Ed. 897 (1916).' The Supreme Court has therefore repeatedly approved as constitutionally permissible the prosecution of a crime in a district in which the crime was committed only in part." *United States v. Myers*, No. 15-2238, 2017 WL 1360775, at *6 (6th Cir. Apr. 14, 2017). As noted in *Lombardo*, "Undoubtedly where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done; or where it may be said there is a continuously moving act, commencing with the offender and hence ultimately consummated through him, as the mailing of a letter; or where there is a confederation in purpose between two or more persons, its execution being by acts elsewhere, as in conspiracy." 241 U.S. at 77.

The defendants urge that under the substantial contacts test adopted by the Sixth Circuit to determine venue, this court is an improper venue for prosecution of the crimes charged in Counts 6, 7, and 8.

In *United States v. Williams,* 788 F.2d 1213 (6th Cir.1986), we adopted from *Reed,* 773 F.2d 477, the substantial contacts test to determine venue. Both courts concluded:

> "a review of relevant authorities demonstrates that there is no single defined policy or mechanical test to determine constitutional venue. Rather, the test is best described as a substantial contacts rule that takes into account a number of factors-the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact finding...."

*Williams,* 788 F.2d at 1215 (quoting *Reed,* 773 F.2d at 481).

*United States v. Williams*, 274 F.3d 1079, 1084 (6th Cir. 2001).

Count 6 of the SSI charges that

> From on or about November 2012 to August 2014, and as part of a continuous course of conduct, **PHILIP MICHAEL, MARK REINHARD, MEDS TO** [sic] **GO EXPRESS**, and others, known and unknown by the Grand Jury, did knowingly engage in the wholesale distribution of a prescription drugs [sic], that is, Tramadol, in the states of Alabama and West Virginia, without ever having obtained a drug distribution licenses [sic] from the states of Alabama and West Virginia, as required by 21 U.S.C. 353€(2)(A). **PHILIP MICHAEL, MARK REINHARD,** and others, known and unknown by the Grand Jury, distributed the prescription drug Tramadol from West Virginia to Complete patient Services, another wholesale fulfillment pharmacy, located in Mobile, Alabama, said prescription drugs traveled through Kentucky.

SSI, ¶ 62.

Count 7 of the SSI charges that

> On or about and between September 17, 2013, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **PHILIP MICHAEL,** knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud a health care benefit program, in connection with the delivery of a payment for health care benefits, items, and services, to wit: **PHILIP MICHAEL** fraudulently submitted a claim for payment to Humana Insurance Company for dispensing medication to P.R. which was never dispensed.

SSI, ¶ 64.

Count 8 of the SSI charges that

On or about September 17, 2013, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the Defendant herein, **PHILIP MICHAEL**, did knowingly possess, transfer and use the means of identification of another person, without lawful authority, during and in relation to the offense charged in Count 7, to with **PHILIP MICHAEL** possessed, transferred, and used the name, date of birth and other identifying information for P.R. and the name and NPI # of A.S., a physician, to submit a fraudulent claim for payment.

Counts 7 and 8 charge that Michael submitted a fictitious claim to Humana Insurance Company for the dispensing of a drug to P.R., and that Michael used identifying information for P.R. and the physician number for physician A.S. in making that claim. We reject the argument that these acts lack substantial contacts with Kentucky because Humana utilized the services of a claims processor, Argus Health Systems, Inc., in Kansas. Michael cites no authority to support his attempt to deflect the "locus of the effect of the criminal conduct" to the location of the processing of the paperwork. To the extent that he argues that Humana, a Delaware corporation, does business and has offices in fifty states, it is beyond dispute that there can be more than one proper venue. In this case, Michael is charged in the Western District of Kentucky, the place in which Humana is headquartered. The defendants have not identified any infirmity in this choice of venue. The United States has established by a preponderance of the evidence that the SSI properly placed venue in the Western District of Kentucky with respect to the crimes charged in Counts 7 and 8.

The defendants contend that venue is improper in the Western District of Kentucky with respect to Count 6 inasmuch as the connection to this jurisdiction is limited to packages traveling through the UPS HUB and on to their final destinations in other states. The defendants contend that this cannot be proved. It is not the court's role to weigh and determine facts which are

disputed. The defendants contend, however, that even if some packages came through Kentucky, that simply does not constitute significant contact with this jurisdiction to justify placing venue here, as any such contact is fortuitous by virtue of employing the services of UPS as opposed to another carrier, and tangential to the essential conduct constituting the crime.

However, the United States has charged this crime as part of a continuous course of conduct in conducting an illegal internet pharmacy operation which, necessarily, required the delivery of drugs via carriers such as UPS. The United States contends that venue is proper pursuant to 18 U.S.C. § 3237(a) which provides that

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

We conclude that the United States has shown by a preponderance of the evidence that venue is proper in the Western District of Kentucky with respect to Count 6. The motions to dismiss Counts 6, 7, and 8 (DNs 73, 88) will be denied. A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**

May 2, 2017

Charles R. Simpson III, Senior Judge
United States District Court