UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                            Plaintiff

v.                                                              Civil Action No. 3:16-cr-00101-RGJ

PHILIP E. MICHAEL, II, ET AL.                                                       Defendants

* * * * *

**MEMORANDUM OPINION AND ORDER**

The United States brings this action against Defendants Philip E. Michael, II, Meds 2 Go Express Pharmacy, Inc. ("Meds 2 Go Express"), and Mark Reinhard alleging, among other things, that Michael, Meds 2 Go, and Reinhard engaged in unlicensed wholesale distribution of the prescription drug Tramadol (Count 6), and that Michael committed health-care fraud (Count 7) and aggravated identity theft (Count 8) by submitting false insurance claims to Humana Insurance Company ("Humana") without the insureds' consent and without distributing the drugs to the insured. [DE 168, Third Sup. Ind.]. Defendants now move for an evidentiary hearing to determine whether venue is proper for Counts 6, 7, and 8. [DE 205]. The matter is fully briefed and ripe for judgment. [*See* DE 208, Response; DE 212, Reply]. Having considered the parties' filings and the applicable law, the Court **DENIES** Defendants' Motion.

**BACKGROUND**

RX Limited was an international organization that marketed and sold various prescription drugs to customers in the United States. [DE 168 at 1261–62]. RX Limited sold these drugs over the internet and through various toll-free numbers without a physical examination or doctor-patient relationship. *Id.* at 1262. RX Limited employed physicians to approve the drug orders placed with the company and paid the physicians a commission for each order approved. *Id.* RX Limited

1

employed pharmacies throughout the United States to fill the prescription drug orders and paid those pharmacies a commission for orders filled. *Id.* Once an order was filled, the prescription drugs were shipped to the customer via commercial carriers like the United Parcel Service ("UPS"), with RX Limited paying the shipping costs. *Id.*

Michael was an RX-Limited fulfillment pharmacist in West Virginia. He was the "Pharmacist in Charge" at Aracoma Drug Company ("Aracoma") from approximately May 2005 to September 2013. [DE 168 at 1262–63; DE 205-1 at 1580–81]. Further, he was the owner and operator of Alum Creek Pharmacy in West Virginia. [DE 168 at 1263]. He was also a part owner of Meds 2 Go, Inc., which was a fulfillment pharmacy for RX Limited and operated as a closed-door mail-order pharmacy until it dissolved in May 2012. [DE 168 at 1263; DE 205-1 at 1581]. Michael subsequently incorporated a new company, Meds 2 Go Express, to operate a retail pharmacy in West Virginia. [DE 168 at 1263]. Reinhard was a pharmacist employed at Meds 2 Go Express and, later, Alum Creek Pharmacy. *Id.*

On August 17, 2016, the United States indicted six defendants in ten counts for violating twenty-six federal statutes. [DE 1]. The United States has since filed three Superseding Indictments adjusting the charges. [DE 25; DE 78; DE 168]. Among other things, the United States now alleges that Michael and Reinhard shipped the prescription drug Tramadol from Meds 2 Go Express to pharmacies in Alabama and West Virginia without obtaining drug distribution licenses for those states, as required by 21 U.S.C. § 353(e)(2)(A) (Count 6). [DE 168 at 1283–84]. The United States also charges Michael with health-care fraud in violation of 18 U.S.C. § 1347 (Count 7) and aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(11) (Count 8). *Id.* at 1284–85. Trial is set to begin on March 12, 2019, and Defendants now move for an

evidentiary hearing to determine whether venue is proper. [DE 205]. The matter is fully briefed and ripe for judgment. [*See* DE 208; DE 212].

## DISCUSSION

Any person charged with a crime has an unequivocal constitutional right to be tried in the forum(s) in which the crime is alleged to have been committed. *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972). "When venue over a criminal charge is challenged, the government must prove by a preponderance of the evidence that venue is proper as to each individual count." *U.S. v. Michael*, No. 3:16 CR-101-CRS, 2017 WL 1788294, *2 (W.D. Ky. May 3, 2017); *see also U.S. v. Wood*, 364 F.3d 704, 710 (6th Cir. 2004); *Branan*, 457 F.2d at 1065. If the United States fails to produce substantiating evidence of proper venue and the defendant objects at trial, the conviction must be overturned. *United States v. Scaife*, 749 F.2d 338, 346 (6th Cir. 1984). "The necessity for proof of venue does not, however, require an allegation of venue in the indictment itself." *Branan*, 457 F.2d at 1065.

Courts have discretion to decide whether to hold evidentiary hearings on pre-trial motions. *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 249 (6th Cir. 2001). A hearing should be held only if the moving party "allege[s] facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved." *Gentile v. Cty. of Suffolk*, 926 F.2d 142, 148 (2d Cir. 1991) (internal citation and quotation marks omitted).

**A. Count 6**

Count 6 charges Michael and Reinhard with shipping Tramadol from Meds 2 Go Express to pharmacies in Alabama and West Virginia without obtaining drug distribution licenses in those states, as required by 21 U.S.C. § 353(e)(2)(A). [DE 168 at 1283–84]. The parties now disagree

3

about whether the United States has shown that venue in the Western District of Kentucky for this charge is proper. The Supreme Court has formulated a set of guidelines for determining criminal venue. If the statute under which the defendant is charged contains a specific venue provision, that provision must be honored. *See Travis v. United States*, 364 U.S. 631, 635 (1961); *Armour Packing Co. v. United States*, 209 U.S. 56, 73–75 (1908). Otherwise, the "locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703 (1946). To do so, a court must begin by "identify[ing] the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). If the crime consists of distinct parts occurring in different places, venue is proper where any part of the crime occurred. *See United States v. Lombardo*, 241 U.S. 73, 77 (1916).

When, like here, a crime begins in one district and ends in another, Congress has provided that the crime may be prosecuted "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); *see also United States v. Elliott*, 876 F.3d 855, 861 (6th Cir. 2017), *cert. denied sub nom. Frial-Carrasco v. United States*, 138 S. Ct. 1314 (2018). Further, "[a]ny offense involving the use of mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and … may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves." 18 U.S.C. § 3237(a); *United States v. Wood*, 364 F.3d 704, 710 (6th Cir. 2004).

The parties do not dispute that 18 U.S.C. § 3237(a)'s "continued" language applies to this case, which began when the Tramadol was shipped from West Virginia and concluded when the packages were delivered in Alabama and West Virginia. But Defendants argue that venue is

4

improper because the United States' discovery shows that Tramadol was never delivered to or through the Western District of Kentucky on its way to Alabama or West Virginia. [DE 205-1 at 1584]. The United States responds that venue is proper because the charged offense was "continued" in the Western District of Kentucky when the Tramadol packages traveled via UPS from West Virginia through the Western District to Alabama and West Virginia. [DE 208-2 at 1675–76]. Finally, the United States argues that Defendants do not possess all the venue evidence that the United States intends to introduce at trial, *id.* at 1676, while Defendants assert that even if "a handful of packages did travel through the Western District, it is not enough to make venue proper." [DE 212 at 1712].

In its opinion ruling on Defendants' Motion to Dismiss Counts 6, 7, and 8, this Court ruled that the United States had shown by a preponderance of the evidence that venue is proper in the Western District of Kentucky with respect to Count 6. [DE 141 at 1160]. In that opinion, the Court rejected Defendants' argument that the Sixth Circuit's "substantial contacts" test applied to this case, holding that the test only applies to charges with no applicable venue provision. *Id.* That was not the case here because "the United States has charged this crime as part of a continuous course of conduct in conducting an illegal internet pharmacy operation" under 21 U.S.C. § 353(e)(2)(A) and 18 U.S.C. § 3237(a). *Id.* Thus, the Court ruled that venue is proper if any packages traveled through the Western District on the way to their final destinations. *Id.* Regarding whether packages did in fact travel through the Western District—a fact that remains in dispute—the Court noted that "[i]t is not the court's role to weigh and determine facts which are disputed." *Id.* at 1159–60. For these reasons, the Court denied Defendants' Motion to Dismiss.

In their present Motion for Hearing, Defendants provide no persuasive justification for the Court to overturn its earlier ruling. As an initial matter, the present Motion reasserts that the

5

"substantial contacts" test applies to this case and thus argues that even if packages did travel through the Western District, venue would still be improper. [DE 212 at 1712]. Because the Court ruled on this question in its order denying Defendants' Motion to Dismiss, Defendants' argument on this point is moot. [DE 141 at 1160; DE 142].

Similarly, the Court is still unable to rule on venue when material facts are in dispute. Defendants are correct that "a court may resolve venue before trial when the question is one of law and not of disputed fact." [DE 212 at 1709 (citing *United States v. Ayo*, 801 F. Supp. 2d 1323, 1327 (S.D. Ala. 2011))]; *see also United States v. Grenoble*, 413 F.3d 569, 573 (6th Cir. 2005) (noting that the United States "need only present proof sufficient to allow a rational trier of fact to conclude that venue was proper by a preponderance of the evidence."). But the parties still dispute whether the Tramadol passed through a UPS facility in the Western District en route to its destinations. [DE 205-1 at 1586–87; DE 208-2 at 1676–77]. When facts remain in dispute, whether venue has been proved is a question of fact for the jury. *United States v. Auernheimer*, 748 F.3d 525, 532 (3d Cir. 2014); *United States v. Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984); *United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir. 1979); *United States v. Gillette*, 189 F.2d 449, 452 (2d Cir. 1951), *cert. denied*, 342 U.S. 827 (1951). Defendants thus fail to "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved," *Gentile*, F.2d at 148, and the Motion for Hearing is denied.

**B. Counts 7 and 8**

Count 7 charges Michael with health-care fraud in violation of 18 U.S.C. § 1347 because Michael allegedly filed claims with Humana for drugs that he did not dispense to the insured. [DE 168 at 1284]. Count 8 charges Michael with aggravated identity theft in violation of 18 U.S.C. §§

1028A(a)(1) and (c)(11) based on those same Humana filings, which included the insureds' identifying information without the insureds' consent. *Id.* at 1285. As with Count 6, the parties disagree about whether the United States has shown that venue in the Western District of Kentucky is proper for these charges. Defendants argue that the alleged crimes of health-care fraud and aggravated identity theft were not begun, continued, or completed in the Western District of Kentucky because the Pharmacy Provider Agreement that Michael entered into with Humana stipulated that Michael's claims would be processed by Argus Health Systems ("Argus"), located in Kansas City, Missouri. [DE 212 at 1715]. The United States responds that although Argus processed the claims, Humana contracted with Argus and was ultimately responsible for ensuring that the claim was paid. [DE 208-2 at 1677]. The United States also argues that Michael should have reasonably foreseen that defrauding Humana would lay venue in the Western District because Michael entered into the Pharmacy Provider Agreement with Humana, which is based in Louisville, not Argus. *Id.* at 1678.

As with Count 6, this Court extensively considered Defendants' arguments about these points when it ruled on Defendants' Motion to Dismiss. [DE 141 at 1159]. The Court rejected the argument that Michael lacked sufficient contacts with the Western District because Humana utilized Argus's services, noting that venue can be proper in multiple districts. *Id.*; *see also* 18 U.S.C. § 3237(a); *Elliott*, 876 F.3d at 861. The Court was satisfied that the United States "established by a preponderance of the evidence that the [Indictment] properly placed venue in the Western District of Kentucky with respect to the crimes charged in Counts 7 and 8" because Humana is headquartered in Louisville. [DE 141 at 1159]. In their present Motion, Defendants do not to allege any new facts to enable the Court to conclude that relief must be granted. *Gentile*, F.2d at 148. For this reason, Defendants Motion for Hearing for Counts 7 and 8 is denied.

## CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS** that Defendants' Joint Motion for Evidentiary Hearing Regarding Venue for Counts 6, 7, and 8 of the Third Superseding Indictment [DE 205] is **DENIED**.

Cc: Counsel of record